## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES III,

      Plaintiff,

vs.                                                                          No. CIV 22-0952 JB/JMR

XAVIER BECERRA, Secretary of Dept. of
Health and Human Services,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 72 of the Federal Rules of Civil
Procedure, on the Plaintiff's Response to Order to Cure Deficiency and Denying Request to
Appoint Counsel, filed January 9, 2023 (Doc. 4)("Objections").  Plaintiff John Paul Jones III
appears pro se.  For the reasons set out below, the Court: (i) overrules Jones' Objections; and
(ii) orders Jones either to pay the filing fee or to file an Application to Proceed in District Court
Without Prepayment of Fees or Costs (Long Form).

## PROCEDURAL BACKGROUND

Jones filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 14,
2022 (Doc. 1)("Complaint"), appealing a decision by the Merit Systems Protection Board
("MSPB")[1] and alleging violations of the Age Discrimination in Employment Act, 29 U.S.C.
§§ 621-634, his rights under the First Amendment to the Constitution of the United States of
America, U.S. const. amend. I, and "numerous other constitutional rights concerning due process,"

---

[1]The MSPB "is an independent, quasi-judicial agency in the Executive branch that serves
as the guardian of Federal merit systems," a role which includes "investigat[ing] allegations of
prohibited personnel practices" in the federal workforce.  U.S. Merit Systems Protection Board,
https://www.mspb.gov/about/about.htm (last visited June 3, 2023).

Complaint at 9.  See Complaint at 7-9.  In his Complaint, Jones states: "Notification of appeal rights by the MSPB indicates that since this case involves a claim of discrimination, that the filing fee may be waived, and a court-appointed attorney provided.  I am requesting both."  Complaint at 8.  The Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Jones:

> Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1]  The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Order to Cure Deficiency and Denying Request to Appoint Counsel at 1-2, filed December 19, 2022 (Doc. 3)("Order").  See id. at 1 n.1 ("The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. § 1914, and a $52.00 administrative fee.").  Magistrate Judge Ritter ordered Jones to "either pay the $402.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" and notified Jones that "[f]ailure to timely pay the $402.00 fee or file an Application may result in dismissal of this case."  Order at 2.

Magistrate Judge Ritter denied Jones' request for appointment of counsel:

> "[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed. Appx. 458, 462 (10th Cir. 2012).[2]  The decision to appoint counsel is left

---

[2] Witmer v. Grady County Jail is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we

> to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006)(emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989)(emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited any legal authority which would allow the Court to appoint counsel in this case.

Order at 2. Jones did not pay the fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs by the January 9, 2023, deadline. Instead, Jones objected to Magistrate Judge Ritter's Order either to pay the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Costs, stating:

> There are numerous reasons why the filing fee should be waived, primarily because the Plaintiff is a combat veteran of the Vietnam [sic] who has been sentenced, seemingly for a lifetime, to a judicial gulag for his *required* participation in that war, into which he was conscripted. In addition, it is in the **Court's** interest to review the hard evidence that demonstrates that the US Attorney's office in Albuquerque openly functions as though the truth does not matter in the legal process and the New Mexico State Police have no problem with **falsified** police reports.

---

> have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Witmer v. Grady County Jail has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Objections at 1-2 (emphasis in original).  Jones also appears to object to Magistrate Judge Ritter's denial of Jones' request for appointment of counsel, stating that he would like to meet with Magistrate Judge Ritter to "discuss . . . reconsideration of Judge Ritter's decision not to appoint an attorney to work with me.  I have tried 1200 different attorneys . . . .  Virtually none answer a one-page solicitation."  Objections at 27.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court, however, will not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

Having carefully reviewed the Objections according to rule 72(a) of the Federal Rules of Civil Procedure and the relevant law, the Court overrules the Objections.  See Fed. R. Civ. P. 72(a). Rule 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy . . . .  The district judge in the case must

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Jones objects to Magistrate Judge Ritter's Order to either pay the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Cost on the grounds that Jones "is a combat veteran of the Vietnam [War,]" and "it is in the **Court's** interest to review the hard evidence" regarding the actions of the United States Attorney's Office and the New Mexico State Police. Objections at 1-2 (emphasis in original). Jones does not cite any legal authority that would allow the Court to waive payment of the filing fee. See 28 U.S.C. §§ 1914(a), (b)(requiring "the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States"); 28 U.S.C. § 1915(a)(1)(allowing the Court to "authorize the commencement . . . of any suit, action or proceeding civil or criminal . . . without prepayment of fees")(emphasis added). To the extent that Jones is objecting to Magistrate Judge Ritter's denial of Jones' request for the appointment of counsel, Jones does not assert that Magistrate Judge Ritter erred in denying Jones' request. See Witmer v. Grady Cty. Jail, 483 Fed. App'x at 462 ("[C]ivil litigants have no right to counsel."). Jones notes only that he has contacted 1,200 attorneys and indicates that he would like to discuss reconsideration of Magistrate Judge Ritter's denial of Jones request to appoint counsel. See Objections at 27. The Court concludes that Magistrate Judge Ritter's Order is not clearly erroneous or contrary to law.

**IT IS ORDERED** that: (i) the Objections in the Plaintiff's Response to Order to Cure Deficiency and Denying Request to Appoint Counsel, filed January 9, 2023 (Doc. 4), are overruled; (ii) Plaintiff John Paul Jones III must, within twenty-one days of this Memorandum

Opinion and Order's entry, either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form); and (iii) failure to pay timely the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) may result in dismissal of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

John Paul Jones III
Albuquerque, New Mexico

       *Plaintiff pro se*

Alexander M.M. Uballez
  United States Attorney
Ruth Fuess Keegan
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Defendant*