IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES III,

      Plaintiff,

vs.                                                  No. CIV 22-0952 JB/JMR

XAVIER BECERRA, Secretary of Dept. of
Health and Human Services,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff John Paul Jones III's noncompliance with the June 26, 2023, deadline to pay his case's filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)("Application"), which the Court establishes in the Memorandum Opinion and Order at 4-5, filed June 5, 2023 (Doc. 28)("MOO"). Jones appears pro se. Because the June 26, 2023, deadline has passed and Jones has not paid the filing fee or filed an Application, the Court dismisses this case without prejudice. Because the Court dismisses this case without prejudice, it also denies all motions pending in the case.

## PROCEDURAL BACKGROUND

On December 14, 2022, Jones filed the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1)("Complaint"). In the Complaint, Jones appeals a decision by the Merit Systems Protection Board ("MSPB")[1] and alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, his rights under the First Amendment to the Constitution of the United

---

[1]The MSPB "is an independent, quasi-judicial agency in the Executive branch that serves as the guardian of Federal merit systems," a role which includes "investigat[ing] allegations of prohibited personnel practices" in the federal workforce. U.S. Merit Systems Protection Board, https://www.mspb.gov/about/about.htm (last visited June 30, 2023).

States of America, U.S. const. amend. I, and "numerous other constitutional rights concerning due process," Complaint at 9.  See Complaint at 7-9.  In his Complaint, Jones states: "Notification of appeal rights by the MSPB indicates that since this case involves a claim of discrimination, that the filing fee may be waived, and a court-appointed attorney provided.  I am requesting both." Complaint at 8.  The Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Jones:

> Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1]  The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

Order to Cure Deficiency and Denying Request to Appoint Counsel at 1-2, filed December 19, 2022 (Doc. 3)("Deficiency Order").  See id. at 1 n.1 ("The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, see 28 U.S.C. § 1914, and a $52.00 administrative fee.").  Magistrate Judge Ritter ordered Jones to "either pay the $402.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" and notified Jones that "[f]ailure to timely pay the $402.00 fee or file an Application may result in dismissal of this case."  Deficiency Order at 2.

Magistrate Judge Ritter also denied Jones' request for appointment of counsel:

> "[C]ivil litigants have no right to counsel."  Witmer v. Grady County Jail, 483 Fed. Appx. 458, 462 (10th Cir. 2012).[2]  The decision to appoint counsel is left

---

[2]Witmer v. Grady County Jail is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

to the "extremely broad" discretion of the district court.  *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).  While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006)(emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989)(emphasis added).  Congress has not provided any mechanism, process, or funds to pay appointed counsel.  *See* 28 U.S.C. § 1915(e)(1).  Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.  Plaintiff has not cited any legal authority which would allow the Court to appoint counsel in this case.

Deficiency Order at 2.  Jones did not pay the fee or file an Application by the January 9, 2023,

deadline.  Instead, Jones objected to Magistrate Judge Ritter's Order either to pay the filing fee or

to file an Application, stating:

> There are numerous reasons why the filing fee should be waived, primarily because the Plaintiff is a combat veteran of the Vietnam [sic] who has been sentenced, seemingly for a lifetime, to a judicial gulag for his ***required*** participation in that war, into which he was conscripted.  In addition, it is in the **Court's** interest to review the hard evidence that demonstrates that the US Attorney's office in Albuquerque openly functions as though the truth does not matter in the legal process and the New Mexico State Police have no problem with **falsified** police reports.

Response to Order to Cure Deficiency and Denying Request to Appoint Counsel at 1-2, filed

January 9, 2023 (Doc. 4)("Objections")(emphasis in original).  Jones also objected to Magistrate

---

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Witmer v. Grady County Jail has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Judge Ritter's denial of Jones' request for appointment of counsel, stating that he would like to meet with Magistrate Judge Ritter to "discuss . . . reconsideration of Judge Ritter's decision not to appoint an attorney to work with me. I have tried 1200 different attorneys . . . . Virtually none answer a one-page solicitation." Objections at 27.

The Court overruled the Objections, stating the following regarding the filing-fee objection:

> Jones objects to Magistrate Judge Ritter's Order to either pay the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Cost on the grounds that Jones "is a combat veteran of the Vietnam [War,]" and "it is in the **Court's** interest to review the hard evidence" regarding the actions of the United States Attorney's Office and the New Mexico State Police. Objections at 1-2 (emphasis in original). Jones does not cite any legal authority that would allow the Court to waive payment of the filing fee. See 28 U.S.C. §§ 1914(a), (b)(requiring "the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States"); 28 U.S.C. § 1915(a)(1)(allowing the Court to "authorize the commencement . . . of any suit, action or proceeding civil or criminal . . . without prepayment of fees")(emphasis added) . . . The Court concludes that Magistrate Judge Ritter's Order is not clearly erroneous or contrary to law.

MOO at 4-5. The Court ordered that "Jones . . . must, within twenty-one days of this Memorandum Opinion and Order's entry, either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." MOO at 5-6. The Court informed Jones that "failure to pay timely the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) may result in dismissal of this case." MOO at 6. Jones did not pay the filing fee or file an Application by the June 26, 2023, deadline.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds him or her "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [a plaintiff] could prevail, it should do so despite [the

plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant." <u>Hall v. Bellmon</u>, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

Having reviewed carefully the docket and the relevant law, the Court denies all pending motions in the case and dismisses the case without prejudice, because Jones has not paid the filing fee or filed an Application by the June 26, 2023, deadline that the MOO sets.  <u>See</u> MOO at 5-6.  After overruling Jones' Objections regarding payment of fees and appointment of counsel, the MOO alerted Jones that "failure to timely pay the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) may result in dismissal of this case."  MOO at 6.  Despite the Court's informing Jones of his responsibility, Jones did not pay the filing fee or file an Application by June 26, 2023.  Accordingly, the Court dismisses this case without prejudice. Because the Court dismisses the case without prejudice, it also denies all motions pending in the case.

**IT IS ORDERED** that: (i) the Plaintiff's Motion Requesting Sanctions Against AUSA Ruth F. Keegan, filed January 26, 2023 (Doc. 8), is denied; (ii) the Plaintiff's Renewed Motion Requesting Sanctions Against AUSA Ruth F. Keegan and/or Summary Judgment, with supporting exhibits, filed February 7, 2023 (Doc. 9), is denied; (iii) the Plaintiff's Motion for Default Judgment, filed April 18, 2023 (Doc. 13), is denied; (iv) the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Supporting Memorandum, filed April 21, 2023 (Doc. 14), is denied; (v) the Plaintiff's Motion to Compel Discovery with a Request for Sanctions, filed May

10, 2023 (Doc. 18), is denied; (vi) the Plaintiff's Motion Requesting Entry of Default Judgment, filed May 22, 2023 (Doc. 21), is denied; (vii) the Plaintiff's Motion to Compel Discovery with a Request for Sanctions, filed May 24, 2023 (Doc. 23), is denied; (viii) the Plaintiff's Motion Requesting Defendant's Reply of May 25, 2023 be Struck from the Record, filed May 30, 2023 (Doc. 27), is denied; (ix) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 14, 2022 (Doc. 1), is dismissed without prejudice; (x) this case is dismissed without prejudice; and (xi) Final Judgment will be entered separately.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

John Paul Jones III
Albuquerque, New Mexico

      *Plaintiff pro se*

Alexander M. M. Uballez
  United States Attorney
Ruth Fuess Keegan
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Defendant*