## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES III,

       Plaintiff,

vs.                                No. CIV 22-0952 JB/JMR

XAVIER BECERRA, Secretary of
Dept. of Health and Human Services,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Proceed with Appeal without Payment of Filing Fees, filed July 10, 2023 (Doc. 35)("Motion").  In the Motion, Plaintiff John Paul Jones III asks the Court to allow him to proceed with an appeal without paying the associated filing fees.  See Motion at 1.  Jones states that he is appealing the Memorandum Opinion and Order, filed June 30, 2023 (Doc. 30)("Dismissal MOO"), and Final Judgment, filed June 30, 2023 (Doc. 31).  See Notice of Appeal, filed July 7, 2023 (Doc. 32).  Jones appears pro se.  The Court denies Jones' Motion, because he has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.  The Court certifies that Jones' appeal is not taken in good faith, because his argument of error lacks a sound basis in the relevant facts and in the applicable law.

### PROCEDURAL BACKGROUND

Jones filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 14, 2022 (Doc. 1)("Complaint"), appealing a decision by the Merit Systems Protection Board

("MSPB"),[1] and alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, his rights under the First Amendment to the Constitution of the United States of America, U.S. const. amend. I, and "numerous other constitutional rights concerning due process," Complaint at 9.  See Complaint at 7-9.  Jones alleges:

1.      This is an appeal of the MSPB decision issued on November 15, 2022 . . . .

Since 2005 the Plaintiff has been subjected to unlawful employment discrimination . . . .  The unlawful discrimination has taken two forms:

a.      Denial of employment because he is a combat veteran, violating the provisions of USERRA[, the Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301-35,] as well as numerous other statutes.

b.      Denial of employment because he is over the age of 59. HHS **admits** to maintaining a **policy** that denies "otherwise qualified Americans" employment for the **sole** reason of age, in conjunction with their agreement with the World Health Organization.

Only the age discrimination aspect, part b, will be addressed in this case.

Complaint at 7 (emphasis in Complaint).  Jones asserts two causes of action:

**1.**      Count 1.  The Plaintiff has been denied employment on multiple occasions by the Department of Health and Human Service (HHS) for the **sole** reason that he is over the age of 59.  This is a violation of the Age Discrimination in Employment Act (ADEA) of 1967, [29 U.S.C. §§ 621-34,] and as subsequently amended.

. . . .

2.      Count II: The Plaintiff's First Amendment rights, as well as numerous other constitutional rights concerning due process have been violated by the New Mexico State Police (as well as other law enforcement entities).  Plaintiff remains under orders from the NMSP not to write any additional letters and a carefully crafted **false** police report remains on file.  Plaintiff has been repeatedly warned by

---

[1]The MSPB "is an independent, quasi-judicial agency in the Executive branch that serves as the guardian of Federal merit systems," a role which includes "investigat[ing] allegations of prohibited personnel practices" in the federal workforce. U.S. Merit Systems Protection Board, https://www.mspb.gov/about/about.htm (last visited June 3, 2023).

personnel in law enforcement entities to drop his legal actions or there will be consequences for himself as well as family members.

Complaint at 8-9 (emphasis in Complaint). Jones also states: "Notification of appeal rights by the MSPB indicates that since this case involves a claim of discrimination, that the filing fee may be waived, and a court-appointed attorney provided. I am requesting both." Complaint at 8.

The Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico,[2] notified Jones:

> Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b). The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Order to Cure Deficiency and Denying Request to Appoint Counsel at 1-2, filed December 19, 2022 (Doc. 3)("Deficiency Order")(ellipses and alterations in Deficiency Order, but not 28 U.S.C. §§ 1914(a), (b), or 28 U.S.C. § 1915(a)(1))(footnote omitted). See id. at n.1 ("The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, see 28 U.S.C. §1914, and a $52.00 administrative fee."). Magistrate Judge Ritter ordered Jones to "either pay the $402.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," and notified Jones that "[f]ailure to timely pay the $402.00 fee or file an Application may result in dismissal of this case." Deficiency Order at 2.

---

[2]The Clerk of Court later reassigned this case to the Honorable Jennifer M. Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, as the pretrial judge. See Notice, filed February 22, 2023 (Doc. 10).

Jones did not pay the fee or file the Application to Proceed in District Court Without Prepaying Fees or Costs by the January 9, 2023, deadline.  Instead, Jones objected to the Deficiency Order's requirement that he either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs, stating:

> There are numerous reasons why the filing fee should be waived, primarily because the Plaintiff is a combat veteran of the Vietnam [sic] who has been sentenced, seemingly for a lifetime, to a judicial gulag for his ***required*** participation in that war, into which he was conscripted.  In addition, it is in the **Court's** interest to review the hard evidence that demonstrates that the US Attorney's office in Albuquerque openly functions as though the truth does not matter in the legal process and the New Mexico State Police have no problem with **falsified** police reports.
>
> . . . .
>
> 3.      In recognition of the contribution that veterans have made to the defense of the United States, there is **no filing fee** for case brought under the Uniform Services Employment and Reemployment [Rights] Act (USERRA).  Under Section B of the original filing, the Petitioner stated, in part: ***The unlawful discrimination has taken two forms:***
>
> ***a.      Denial of employment because he is a combat veteran, violating the provisions of USERRA as well as numerous other statutes.***  (Emphasis added).
>
> Plaintiff stated that he would only argue other issues in the instant case. However, to provide the legal basis for no filing fee being waved [sic], Plaintiff is willing to amend his original statement and ***also*** argue the case under the provisions of USERRA . . . .

Response to Order to Cure Deficiency and Denying Request to Appoint Counsel at 1-2, 6, filed January 9, 2023 (Doc. 4)("Objections")(emphasis in original).  Jones did not file an amended complaint or file a motion for leave to file an amended complaint.

The Court overruled the Objections, stating:

> Having carefully reviewed the Objections according to rule 72(a) of the Federal Rules of Civil Procedure and the relevant law, the Court overrules the Objections.  See Fed. R. Civ. P. 72(a). Rule 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy . . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

> Jones objects to Magistrate Judge Ritter's Order to either pay the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Cost on the grounds that Jones "is a combat veteran of the Vietnam [War,]" and "it is in the **Court's** interest to review the hard evidence" regarding the actions of the United States Attorney's Office and the New Mexico State Police. Objections at 1-2 (emphasis in original). Jones does not cite any legal authority that would allow the Court to waive payment of the filing fee. See 28 U.S.C. §§ 1914(a), (b)(requiring "the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States"); 28 U.S.C. § 1915(a)(1)(allowing the Court to "authorize the commencement . . . of any suit, action or proceeding civil or criminal . . . without prepayment of fees")(emphasis added) . . . . The Court concludes that Magistrate Judge Ritter's Order is not clearly erroneous or contrary to law.

Memorandum Opinion and Order at 4-5, filed June 5, 2023 (Doc. 28)("Objections MOO")(alterations and first through fourth ellipses in original). The Court ordered that

> Plaintiff John Paul Jones III must, within twenty-one days of this Memorandum Opinion and Order's entry, either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) . . . . [F]ailure to pay timely the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) may result in dismissal of this case."

Objections MOO at 5-6.

On June 30, 2023, the Court dismissed this case without prejudice, explaining:

> After overruling Jones' Objections regarding payment of fees . . . [,] the MOO alerted Jones that "failure to timely pay the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) may result in dismissal of this case." MOO at 6. Despite the Court's informing Jones of his responsibility, Jones did not pay the filing fee or file an Application by June 26, 2023.

Dismissal MOO at 5.  That same day, the Court entered Final Judgment, dismissing Jones' case without prejudice.  See Final Judgment at 1.

Jones filed a Notice of Appeal, which states: "Judge James O. Browning committed gross judicial error in dismissing this case for the stated basis that filing fees were not paid.  **No filing fees were due.**"  Notice of Appeal at 2 (stating that Jones asserted in his Objections that "*there is* ***no filing fee*** *for cases brought under the Uniform Services Employment and Reemployment [Rights] Act (USERRA)*)" (emphasis in original)).  Jones also asserts there are no fees associated with this appeal.  See Notice of Appeal at 4.

After filing his Notice of Appeal, Jones moved to proceed in forma pauperis on appeal. See Motion at 1.  More specifically, in his Motion, Jones states:

> Under the Code of Federal Regulations, § 1002.310, the following question is answered, indicating that no filing fees may be charged or taxed:
>
> How are fees and court costs charged or taxed in an action under USERRA?
>
> No fees or court costs may be charged or taxed against an individual if he or she is claiming rights under the Act.
>
> In Plaintiff's filing of January 9, 2023 [Objections], he reinforced his claim that this case should be argued, in part, under the provisions of USERRA, a portion of which was quoted in his "Notice of Appeal."
>
> Separately, particularly in his "Statement for Memorial Day," filed on May 25, 2023, in the instant case, Plaintiff provided ample reasons why Congress determined that no filing fees should be charged or taxes [sic], since those who served in combat, in defense of the United States, have already paid serious dues to their country.  Many other fellow citizens have never been required to pay those dues.

Motion at 1-2 (referring to 20 C.F.R. § 1002.310)(emphasis in original).

## LAW REGARDING LEAVE TO APPEAL IN FORMA PAUPERIS

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  "The Supreme Court [of the United States of America] has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'"  Spearman v. Collins, 500 F. App'x 742, 743 (10th Cir. 2012)(citing Coppedge v. United States, 369 U.S. 438, 445 (1962).[3]  "'An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit.'"  Spearman v. Collins, 500 F. App'x at 743 (quoting Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987).  See Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002)("[A]n appeal is frivolous if it lacks an arguable basis in either law or fact.").

## ANALYSIS

The Court denies Jones' Motion, because Jones has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."

---

[3]Spearman v. Collins is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . .   However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Spearman v. Collins has persuasive value with respect to a material issue and will assist the Court in its preparation of this Memorandum Opinion and Order.

DeBardeleben v. Quinlan, 937 F.2d at 505.  The only issue Jones raises on appeal is that "Judge James O. Browning committed gross judicial error in dismissing this case for the stated basis that filing fees were not paid.  **No filing fees were due** . . . .  [T]*here is **no filing fee** for cases brought under the Uniform Services Employment and Reemployment Act (USERRA)*."  Notice of Appeal at 2 (emphasis in original).  The Complaint does not assert a cause of action under USERRA.  See Complaint at 8-9 (listing causes of action and omitting any claim under USERRA).  Further, the Complaint states that "[o]nly the age discrimination aspect, part b, will be addressed in this case," and not the alleged USERRA violation.  Complaint at 7.  Accordingly, the Court certifies that Jones' appeal is not taken in good faith, because the Complaint does not assert a claim pursuant to USERRA, and because Jones has not moved to amend his Complaint to assert a claim pursuant to USERRA.  See Complaint at 7-9.

IT IS ORDERED that: (i) the Plaintiff's Motion to Proceed with Appeal without Payment of Filing Fees, filed July 10, 2023 (Doc. 35), is denied; and (ii) the Court certifies that the Plaintiff's appeal is not taken in good faith.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:
John Paul Jones III
Albuquerque, New Mexico

        *Plaintiff pro se*

Alexander M. M. Uballez
   United States Attorney
Ruth Fuess Keegan
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Defendant*